UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK ANTHONY GILL, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:06 CV 0061 |
| DR. MYERS, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Mark Gill, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that MCF officials, the Correctional Medical Services Corporation ("CMS"), and CMS employees violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Gill brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Gill alleges that he is a paraplegic with a bullet lodged in his back. He states that Dr. Myers, a Correctional Medical Services employee, ordered whirlpool treatments to ease the pain caused by his medical condition. Mr. Gill asserts that Dr. Myers discontinued this treatment, "not for medical reasons, but upon the request of custody staff," knowingly causing him "serious pain and discomfort." (Complaint at p. 3).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and that a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Mr. Gill the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he does not have a serious medical need.

Mr. Gill alleges that Dr. Myers prescribed treatment to alleviate his pain and then discontinued treatment for non-medical reasons. A mere disagreement with a physician over a course of medical treatment states no claim under § 1983 *Hendrix v. Faulkner*, 525 F. Supp. 435, 458 (N.D. Ind. 1981), aff'd in part vacated in part on other grounds *sub nom.*, *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). If Dr. Myers discontinued the treatment for a medical reason, then it would state no claim upon which relief can be granted. But if he discontinued the treatment for non-medical reasons at the request of prison officials, knowing that it would increase Mr. Gill's pain, then the court cannot say that he can prove no set of set of facts consistent with his Eighth Amendment claim against Dr. Myers.

Mr. Gill alleges that on September 13, 2005, Correctional Officer Chesley was deliberately indifferent to his serious medical needs when he prevented a nurse from assisting him to get in and out of the whirlpool. Mr. Gill asserts that because he is a paraplegic, he fell and "sustained injury of a serious nature resulting from that fall." (Complaint at p. 3).

Mr. Gill alleges that Officer Chesley prevented him "from receiving prescribed care that the Doctor Himself deemed [n]ecessary." (Complaint at p. 3). But Officer Gill did not prevent Mr. Gill from receiving the whirlpool prescribed by Dr. Myers. Officer Chesley, however, did allegedly cause Mr. Gill to fall and hurt himself by preventing the nurse from helping him.

"For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. at 834. Deliberate indifference in such circumstances is defined as "criminal recklessness," *Farmer v. Brennan*, 511 U.S. at 839-840. Deliberate indifference is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), citing *McGill v. Duckworth*, 944 F.2d at 347. The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. at 836. A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1986).

4

Mr. Gill alleges that he was a paraplegic, that it was obvious to Officer Chesley that without assistance in getting out of the whirlpool he might fall and injure himself, and that Officer Chesley intentionally chose not to attempt to prevent that harm. Giving Mr. Gill the benefit of the inferences to which he is entitled at the screening stage, the court cannot say, under the standards set forth in *Farmer v. Brennan*, that he can prove no set of facts consistent with his claim that Officer Chesley intentionally placed him in a position where he was likely to be injured.

Mr. Gill alleges that on September 20, 2005, Mrs. Hall was deliberately indifferent to his serious medical needs when she failed to assist him enter and exit the whirlpool even though she knew he was a paraplegic and "that injury could occur unsupervised." (Complaint at p. 3). To prevail in a medical case, however, a plaintiff must demonstrate actual injury caused by the defendant's actions or omissions. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment . . .."). Mr. Gill did not fall on this occasion and was not injured, so he states no claim upon which relief can be granted against Mrs. Hall.

Mr. Gill alleges that MCF Health Care Administrator Chad Barr did not issue policies and procedures that would ensure that nurses would provide him proper care. "Failure to train claims are usually maintained against municipalities, not against individuals." *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001). When the defendant functions as an "arm of the state" in establishing policies and in training and disciplining his subordinates, he is "entitled to Eleventh Amendment immunity for these particular functions." *Manders v. Lee*, 338 F.3d 304 (11th Cir. 2003). Mr. Barr acted in the stead of a

5

State official, so the Eleventh Amendment precludes an action against him for damages in his official capacities. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Meadows v. State of Indiana*, 854 F.2d 1068, 1069 (7th Cir. 1988). Moreover, state officials, in their official capacities, are not "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

In any event, Mr. Gill does not allege that he suffered any harm from Mr. Barr's alleged failure to train CMS employees. *Walker v. Peters*, 233 F.3d at 502. The only actual injury he alleges he suffered was when Officer Chesley prevented a nurse from helping him.

Finally, Mr. Gill alleges that Correctional Medical Services violated his federally protected rights. CMS as a corporation might be a proper defendant if a corporation is a "person" for purposes of 42 U.S.C. § 1983 when acting as the *alter ego* of a state. *Ancata v. Prison Health Services*, 769 F.2d 700 (11th Cir. 1985) (Corporation acting on behalf of a county is a person.); *Comtronics, Inc. v. Puerto Rico Tel.*, 409 F.Supp. 800, 806 (Corporation is a person.); and *Croy v. Skinner, 410 F.Supp. 117, 123 (D. Ga. 1976) (Corporation is a person.). Cf. Eddy v. Virgin Islands Water and Power Authority*, 955 F.Supp. 468, 477 (D. V.I. 1997) (Corporation acting on behalf of a state is not a person). But Mr. Gill does not allege that CMS corporate officials made decisions concerning his treatment or that any denial of treatment resulted from corporate policy. CMS cannot remain as a defendant based only on the actions of its employees at the MCF because the doctrine of *respondeat superior* has no application to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Mr. Gill seeks injunctive relief ordering CMS to make available "Dr. ordered treatments for the plaintiff's serious medical needs." (Complaint at p. 4). There is no allegation that CMS officials prevented Mr. Gill from receiving treatment ordered by a doctor. The plaintiff alleges that Dr. Myers withdrew his prescription for a whirlpool, not that any defendant interfered with that treatment while it was prescribed.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Myers and Chelsey in their individual capacities for damages on his claim that Dr. Myers withdrew his prescription for a whirlpool for non-medical reasons and his claim that Officer Chesley caused him to be injured by preventing a nurse from helping him;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), **DISMISSES** all other claims, and **DISMISSES** defendants Barr, Hall, and Correctional Medical Services;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** defendants Myers and Chelsey to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the clerk to file the complaint, **DIRECTS** the marshals service to effect service of process on defendants Myers and Chelsey, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED**.

ENTERED: November 16, 2006

s/James T. Moody  
James T. Moody, Judge  
United States District Court