UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK ANTHONY GILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06 CV 0061 |
| ) | |
| DR. MYERS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Mark Gill, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983, alleging that MCF officials, the Correctional Medical Services Corporation ("CMS"), and CMS employees violated his federally protected rights. The court reviewed his complaint pursuant to 28 U.S.C. § 1915A, granted him leave to proceed against defendants Myers and Chelsey in their individual capacities for damages on his claim that Dr. Myers withdrew his prescription for a whirlpool for non-medical reasons and his claim that Officer Chesley caused him to be injured by preventing a nurse from helping him. The court dismissed defendants Barr, Hall, and Correctional Medical Services and all other claims.

Mr. Gill has requested leave to amend his complaint. A court must screen amended complaints submitted by prisoners. *Zimmerman v. Hoard*, 5 F.Supp.2d 633 (N.D.Ind. 1998). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint.

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Gill brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Mr. Gill asserts that he is a paraplegic with a bullet lodged in his back. In his amended complaint, he states that because of his condition he had been housed in the infirmary for five years. Mr. Gill alleges that CMS employees Chad Barr and Noe Marandet deprived him of medical care and that Mr. Barr retaliated against him for filing a grievance. He seeks to sue CMS in its official capacity and defendants Barr and Marandet in their individual capacities for damages. He also wishes to continue to prosecute the claims in his original complaint against defendants Myers and Chesley.

Mr. Gill alleges that CMS employees failed to change his catheter for four months because defendant Barr did not order the necessary medical supplies, causing him to develop a serious bladder infection. As a result, Mr. Gill filed a grievance against Mr. Barr. He alleges that Mr. Barr retaliated against him for filing the grievance by having him removed from the infirmary, even though he was a paraplegic and had been housed there for five years because of his medical condition. He alleges that at Mr. Barr's request, Dr. Marandet ordered Mr. Gill to be discharged from the infirmary and placed in general population.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To establish a retaliation claim, Mr. Gill must establish first that he engaged in a constitutionally protected activity, and second that engaging in that activity was a substantial or motivating fact in the defendant's actions against him. *Mt. Healthy City School District v. Doyle*, 429 U.S. 274 (1977); *Brookings v. Kolb*, 990 F.2d 308, 315 (7th Cir. 1993). Retaliation against a prisoner for filing a grievance or complaining about treatment by officials states a claim upon which relief can be granted. *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989); *Dixon v. Brown*, 38 F.2d 379 (8th Cir. 1994).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. at 73. Giving Mr. Gill the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say

3

that he can prove no set of facts consistent with his a retaliation claim against defendant Barr for having him removed from the infirmary for filing a grievance.

When he arrived in general population, Mr. Gill states that Mr. Barr did not provide him with needed medical treatment, including a wheel chair pusher pass, biohazard bags, sanitary gloves, and a special mattress and pillow, even though they had been ordered by Dr. Marandet. As a result, he alleges that he developed level four bed pressure sores.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). In medical care cases, the Eighth Amendment test set forth in *Farmer v. Brennan* and *Wilson v. Seiter* is expressed in terms of whether there was deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Giving Mr. Gill the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his Eighth Amendment claim that defendant Barr denied him treatment prescribed by Dr. Marandet while he was in general population.

Mr. Gill also alleges that Dr. Marandet ordered whirlpool treatment for his chronic back pain. In response to a 2005 grievance about his problems getting in and out of the whirlpool, Mr. Barr informed him that henceforth a medical lift was to be utilized in assisting him in and out of the whirlpool. On December 2, 2006, while climbing into the whirlpool without assistance, Mr. Gill fell and broke his leg. He alleges that Dr. Marandet delayed him from receiving an X-ray.

Dr. Marandet ordered a whirlpool for Mr. Gill, and Mr. Barr directed that he have assistance getting in and out of the whirlpool. Mr. Gill does not allege that either defendant was present when he broke his leg, that they knew he was getting into the whirlpool without assistance, or that they were in any way responsible for him falling in the whirlpool.

Section 1983 creates a cause of action for damages based on personal liability. A person cannot be held liable under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Defendants Barr and Marandet had no personal involvement in Mr. Gill's December 6, 2006, accident in the whirlpool. That Dr. Marandet may have delayed an X-ray temporarily does not constitute deliberate indifference to Mr. Gill's serious medical needs under the standards established in *Estelle v. Gamble*.

Mr. Gill also seeks to sue CMS based on the acts of its employees. But he does not allege that CMS corporate officials made decisions concerning his treatment or that any denial of treatment by their employees resulted from corporate policy. CMS cannot remain as a defendant based only on the actions of its employees at the MCF because the doctrine of *respondeat superior* has no application to § 1983 actions.

For the foregoing reasons, the court:

(1) GRANTS the plaintiff's motion for leave to amend his complaint (docket #24);

(2) GRANTS the plaintiff leave to proceed against defendant Chad Barr in his individual capacity for damages on the claim that he retaliated against the plaintiff for engaging in Constitutionally protected activities by instigating his removal from the infirmary for non-medical reasons and on the Eighth Amendment claim that he denied the plaintiff necessary prescribed treatment and supplies after he left the infirmary, and GRANTS him leave to continue to prosecute the claims from his original complaint against defendants Myers and Chelsey;

(3) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES all other claims, and DISMISSES defendants Correctional Medical Services and Noe Marandet;

(4) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS the defendants to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(5) DIRECTS the clerk to file the amended complaint, DIRECTS the marshals service to effect service of process on defendant Chad Barr, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and amended complaint.

**SO ORDERED.**

ENTER: March 20, 2007

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT