UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK ANTHONY GILL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:06-CV-061 RM |
| | ) |
| DR. MYERS, *et al.*, | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

Mark Gill, a prisoner committed to the Indiana Department of Correction ("IDC"), submitted a complaint under 42 U.S.C. § 1983, alleging that Miami Correctional Facility officials violated his federally protected rights by denying him proper medical care and treatment. The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed several defendants and claims, and allowed Mr. Gill to proceed against Dr. Meyers and Correctional Officer Chesley on his Eighth Amendment claims against them. Mr. Gill later amended his complaint to add claims against Health Care Administrator Chad Barr.

Defendants Myers and Chesley filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on the question of whether Mr. Gill exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). The court granted summary judgment to Dr. Myers but denied it to Officer Chelsey. Defendant Chelsea moved to reconsider the denial of summary judgment to him. Mr. Gill subsequently filed a recapitulation of his grievance record. (docket #60).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of

Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). "For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Burrell v. Powers, 431 F.3d. 282, 285 (7th Cir. 2005), quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion of administrative remedies is a condition precedent to suit in federal court. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 335.

Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires dismissal of any claim in which an available administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

Mr. Gill filed several grievances related to health care, but didn't appeal the initial denial of any of them through all five steps provided by the IDC grievance policy. Defendants Myers and Chesley asserted in their summary judgment motion that because Mr. Gill didn't appeal the denial of his grievances through all five steps he didn't exhaust his administrative remedies. Mr. Gill responded that he filed several step one grievances, all of which were denied at the initial stage. He stated that he appealed the initial denial of his grievances, but conceded that he didn't appeal any of them through the final step of the appeals process. Mr. Gill said he didn't appeal these grievances to the final step because he received a response in intermediate steps in some grievances that resolved his

complaints to his satisfaction. He further argued that "according to policy #00-02-301, Chp. 1-A, [he] would be abusing the grievance procedure if [he] kept filing grievances when [he] received an answer back that did resolved (sic) [his] complaints, to his satisfaction . . . ." (DE 42 ¶ 42). The portion of the grievance policy cited by Mr. Gill defines abuse of the grievance program as consisting of "a grievant's deliberate flooding of the grievance system with numerous or repetitive complaints or grievances and/or continuing through the entire appeal process with grievances that were resolved in the grievant's favor at a lower level." (Docket #26-2 at p. 1) (emphasis added).

Defendants Meyers and Chesley submitted copies of Mr. Gill's grievances along with their summary judgment motion. Mr. Gill also submitted copies of his grievances. After reviewing the parties' submissions, the court concluded that there was a disputed issue of material fact on whether Mr. Gill exhausted his administrative remedies on his whirlpool claims because he obtained some relief from one of his grievances.

Officer Chelsea asserts in his motion to reconsider that while Mr. Gill submitted other grievances dealing with problems he had with the whirlpool, he didn't file a grievance dealing with the September 13, 2005, incident, which is the only incident in which Officer Chelsea was involved. Accordingly, he argues, any question as to whether Mr. Gill exhausted his administrative appeals on other grievances dealing with the whirlpool isn't relevant or material to his claim against Officer Chelsea. Defendant Chelsea is essentially changing his argument from a claim that Mr. Gill did not complete the grievance procedure by appealing the denial of grievances through all five steps of the IDC grievance procedure to an argument that he did not exhaust his administrative remedies on his claim against Officer Chelsea because he never began the grievance procedure

against Officer Chelsea by filing a grievance against him.

Mr. Gill alleges in his complaint that on September 13, 2005, Correctional Officer Chesley was deliberately indifferent to his serious medical needs when he prevented a nurse from assisting him to get in and out of the whirlpool. Mr. Gill asserts that because he is a paraplegic, he fell and "sustained injury of a serious nature resulting from that fall." (Complaint at p. 3).

Officer Chelsea states in his motion to reconsider that Mr. Gill didn't file a grievance dealing with the incident of September 13, 2005, which involved Officer Chelsea. Mr. Gill did file other grievance dealing with the problems with the whirlpool, including grievance 2005-9-655 in which he stated that "[o]n 9-20-05 I fell getting into the whrilpool tub. My back is really hurting back (sic) and I need help getting in the whrilpool and out of it." (Docket # 26-7, Ex E, page 1).

The court has reviewed the copies of Mr. Gill's grievances submitted by Officer Chelsea and by Mr. Gill (Docket # 82-14). This review establishes that grievance 2005-9-655 did not deal with the incident in which Mr. Gill asserts he was injured by Officer Chelsey's actions on September 13, 2005. None of the grievances Mr. Gill filed dealt with the incident of September 13, 2005, or Mr. Gill's claims against Officer Chelsea. The September 13 incident occurred before Mr. Gill obtained some relief from a grievance dealing with the whirlpool, so his argument that he would have been abusing the grievance policy if he continued to grieve after obtaining relief does not assist him in avoiding summary judgment. Accordingly, that there may be a question of fact as to whether Mr. Gill exhausted his administrative remedies as to grievances he filed does not preclude summary judgment in Officer Chelsey's favor because Mr. Gill never grieved the incident

4

involving Officer Chelsea.

For the forgoing reasons, the court GRANTS defendant Chelsey's motion to reconsider (Docket # 48), GRANTS defendant Chelsey summary judgment, and DISMISSES him from this case without prejudice pursuant to 28 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: September  12 , 2008

  /s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court
