UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK ANTHONY GILL, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:06-CV-00061 RM |
| DR. MYERS, *et al.*, | ) |
| Defendants | ) |

## OPINION AND ORDER

Mark Gill, a prisoner at the Westville Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that Miami Correctional Facility ("MCF") officials violated his federally protected rights while he was confined there. The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed several defendants and claims, and allowed Mr. Gill to proceed against Dr. Meyers and Correctional Officer Chesley on his Eighth Amendment claims against them. Mr. Gill amended his complaint to add claims against Health Care Administrator Chad Barr. The court screened the amended complaint pursuant to § 1915A and allowed Mr. Gill leave to proceed on the claim that Mr. Barr retaliated against the plaintiff for engaging in constitutionally protected activities by instigating his removal from the infirmary for non-medical reasons and on his Eighth Amendment claims that Mr. Barr denied the plaintiff necessary prescribed treatment and supplies.

The court has granted summary judgment to defendants Meyers and Chelsey based on 42 U.S.C. § 1997e(a). Mr. Barr has moved for summary judgment on the merits, pursuant

to FED. R. CIV. P. 56, and Mr. Gill has responded. For the reasons that follow, the court GRANTS defendant Barr's motion for summary judgment.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Ranochakio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Mr. Gill alleges in his amended complaint that Mr. Barr didn't order a replacement catheter for him for four months, causing him to develop a bladder infection, so he filed a grievance against Mr. Barr. He asserts that Mr. Barr retaliated against him for filing the grievance by having Dr. Marandet move him from the infirmary to general population. When he arrived in general population, Mr. Gill states that Mr. Barr did not provide him with needed medical supplies even though Dr. Marandet had ordered them. Mr. Gill apparently was in general population for eleven days (Docket #86 ¶ 4), and returned to the infirmary after he fell in the whirlpool on December 2, 2006, and broke his leg.

In support of his summary judgment motion, Mr. Barr submits the affidavit of Dr. Noe Justin Marandet, M.D., and his own affidavit. Mr. Gill responds with his own declaration, several unsworn statements, copies of grievances, Indiana Department of Correction policies, and medical records.

Mr. Gill's amended complaint alleges that Mr. Barr retaliated against him for filing a grievance by removing him the hospital and placing him in general population. To prevail on his retaliation claim, Mr. Gill must prove that he engaged in a constitutionally protected activity and that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. Mt. Healthy City School District v. Doyle, 429 U.S. 274 (1977); Brookings v. Kolb, 990 F.2d 308, 315 (7th Cir. 1993). If the defendant proves that a legitimate reason existed for his actions and he would have taken the same actions regardless of whether the plaintiff engaged in the protected activity, then the plaintiff can prove retaliation only if he can show that the legitimate reason given for the allegedly retaliatory act is pretextual. Mt Healthy City School District v. Doyle, 429 U.S. at 575.

According to Mr. Barr's affidavit, he asked the infirmary nurses what they were doing for Mr. Gill, and they told him that they weren't doing much for him because he was very independent. (Affidavit of Chad Barr, docket #69-2 at ¶ 14). Because it appeared that Mr. Gill was doing almost everything for himself, Dr. Michael Mitcheff, M.D., the MCF Medical Director, told Mr. Barr to move Mr. Gill to general population. (*Id.*). Dr. Marandet, who was Mr. Gill's primary caregiver, agreed with this decision "because there was no medical reason that Mr. Gill needed to be housed in the infirmary." (Affidavit of Noe Marandet, docket # 69-3 at ¶ 10). In his declaration, Mr. Gill admits that he does "not need

3

much help from nurses as long as I have the medical supplies I need I can take care of myself." (Docket #86 ¶ 15). He states, however, that he had problems in general population because of lack of privacy and lack of medical supplies.

Because Mr. Barr came forth with evidence that a legitimate non-retaliatory reason existed for the decision made by Dr. Mitcheff to transfer him to general population, the burden shifted to Mr. Gill to come forth with evidence that the reason given by Mr. Barr was pretextual. Because Mr. Gill submitted no admissible evidence establishing that the reason MCF officials transferred him to general population was pretextual, Mr. Barr is entitled to summary judgment on the retaliation claim.

The rest of Mr. Gill's claims arise under the Constitution's Eighth Amendment. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's

4

daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997).

"Under the Eighth Amendment, [a plaintiff] is not entitled to specific care . . . [or] . . . entitled to the best possible care." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Negligence or medical malpractice don't constitute deliberate indifference, Estelle v. Gamble, 429 U.S. at 106, and a mere disagreement with a physician over a course of medical treatment states no claim under § 1983 Brownlow v. Chavez, 871 F.Supp. 1061, 1064 (S.D.Ind. 1994). Even medical malpractice and incompetence state no claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Because deliberate indifference is comparable to criminal recklessness, Farmer v. Brennan, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. Billman v. Indiana Department of Correction, 56 F.3d 785 (7th Cir. 1995). She must show "something approaching a total unconcern for her welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992), *citing* McGill v. Duckworth, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting* Farmer v. Brennan, 511 U.S. at 837-838.

The parties' submissions establish that Mr. Gill had problems with his catheter in 2006, and that it took four months to replace it. Mr. Barr concedes that Mr. Gill went without a new catheter for several months, but denies that he was indifferent to Mr. Gill's

5

problem. Mr. Barr states in his affidavit that when nurses informed him that Mr. Gill needed a new indwelling Foley catheter, he sent an orders to the supplier, who initially sent the wrong sized catheter. Mr. Barr sent two more requests to the supplier and finally obtained an appropriate catheter for Mr. Gill

According to Mr. Barr, Mr. Gill didn't develop a urinary tract infection. Mr. Gill disputes this in his sworn statement, stating that he developed a bladder infection in October 2006. (docket #86 ¶ 11). Dr. Marandet's affidavit states that "[w]hile waiting for his new catheter, Gill did not experience a *serious* bladder infection," (Marandet affidavit, docket # 69-3 at ¶ 9) (emphasis added), which suggests that Mr. Gill may have developed some sort of infection while waiting for his replacement indwelling catheter.

Mr. Gill states in his sworn declaration that he could use any size indwelling cathether (docket #86 ¶ 8). In an unsworn statement, (docket #79-14), he asserts that the problem was that Mr. Barr was ordering the wrong type of catheter — he was ordering a straight catheter instead of an indwelling catheter.

The parties agree that Mr. Gill had a medical need for a catheter, that he was prescribed an indwelling catheter, that he needed a replacement catheter in 2006, and that he didn't receive a new catheter for four months. This may, however, not meet the objective requirement of the test established by Farmer v. Brennan, because Mr. Gill's sworn statement says that during the four months waited for a replacement catheter, he was able to "take my indwelling catheter out of my bladder and disinfect and clean it . . ." (docket #86 ¶ 10), meaning he had a functional working catheter during that period, though it was

6

not as convenient for him as a new catheter would have been.

Even if Mr. Gill meets the objective prong of the Farmer test, to succeed on an Eighth Amendment claim, he also must satisfy that test's subjective component. Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994). Mr. Barr states under oath that he tried to replace Mr. Gill's catheter, which would defeat a claim of deliberate indifference. Even if the court credited Mr. Gill's unsworn statement that Mr. Barr initially ordered the wrong type of catheter, that would n't establish deliberate indifference because negligence does not satisfy the "deliberate indifference" standard. Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994). It isn't enough to show that a defendant merely failed to act reasonably, Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995), and even medical malpractice and incompetence do not state a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. at 106; Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Mr. Gill asserts that after he was removed from the infirmary and sent to general population, Mr. Barr didn't provide him with needed medical supplies, including a wheel chair pusher pass, biohazard bags, sanitary gloves, and a special mattress and pillow, even though Dr. Marandet had ordered them.

According to Dr. Marandet's affidavit, "while Gill was housed in general population, there was no medical reason for him to have sanitary gloves, bio-hazard bags, or a wheelchair pusher." (Affidavit of Noe Marandet, docket # 69-3 at ¶ 11). Had Dr. Marandet prescribed these products and services for Mr. Gill while he was in general population, and Mr. Barr blocked him from receving these products and services even

7

though he knew them to be medically necessary, that might state a claim of deliberate indifference against Mr. Barr. But Dr. Marandet's affidavit establishes that he did not prescribe these materials for Mr. Gill while Mr. Gill was in general population.

Dr. Marandet states that medical staff had ordered a waffle mattress for Mr. Gill, but that he wasn't allowed to have it in general population because the facility deemed it to be a fire hazard. (Affidavit of Noe Marandet, docket #69-3 at ¶ 14). Accordingly, Mr. Barr wasn't responsible for the decision not to allow Mr. Gill to have his special mattress while he was in general population. Moreover, conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See* Jones-Bey v. Wright, 944 F.Supp. 723, 732 (N.D. Ind. 1996). Mr. Gill was only in general population for eleven days without his prescribed mattress.

For the foregoing reasons, the court GRANTS defendant Chad Barr's motion for summary judgment (docket #67), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: September __16__, 2008

                                     /s/ Robert L. Miller, Jr.
                                     Chief Judge
                                     United States District Court